FILED
2024 Jan-09 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT FILED

for the

Northern  District of Alabama

2024 JAN -8 P 12: 15

U.S. DISTRICT COURT
N.D. OF ALABAMA

_Karla Rene Moore_
_____
Plaintiff
*(Write your full name. No more than one plaintiff may be named in a pro se complaint.)*

-v-

_Huntsville Rehabilitation_
_Foundation dba_
_Phoenix_
_____
Defendant(s)
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

_Workman's Comp_

Case No. _5:24-cv-22-ANJ_
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)*  ☐ Yes  ☒ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Karla Moore |
| Street Address | 2218 Gala Dr |
| City and County | Huntsville |
| State and Zip Code | AL 35810 |
| Telephone Number | 256 417 3400 |
| E-mail Address | karla.moore12@yahoo |

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

☐ **Check here to receive electronic notice through the email listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rules of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed or saved.**

**Date** _____

**Participant Signature** _____

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name — Phoenix

    Job or Title *(if known)* — Custodian

    Street Address — 2939 Johnson Rd

    City and County — Huntsville (Madison)

    State and Zip Code — Ala 35805

    Telephone Number — 256 880 0641

    E-mail Address *(if known)*

This is for workman's Ins (Phoenix)

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

    Name

    Street Address

    City and County

    State and Zip Code

    Telephone Number

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

## III.     Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.     The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐     Failure to hire me.

☑     Termination of my employment.

☐     Failure to promote me.

☑     Failure to accommodate my disability.

☑     Unequal terms and conditions of my employment.

☑     Retaliation.

☐     Other acts *(specify)*:

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.     It is my best recollection that the alleged discriminatory acts occurred on date(s)

October 31, 2022 by being terminated. while under workman comp while working for a company that fires disable People.

C.     I believe that defendant(s) *(check one)*:

☑     is/are still committing these acts against me.

☐     is/are not still committing these acts against me.

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☐    gender/sex    _____

☐    religion    _____

☐    national origin    _____

☐    age *(year of birth)* _____    *(only when asserting a claim of age discrimination.)*

☑    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Workman's Comp settlement was based on 16%, not 35% (FCE) test.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)* I have filed several EEOC charges on this company and the formal attorney Ford didn't filed all of my charges. She only

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.    filed two.

☑    issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

That was unacceptable for attorney, client (me)!

Page 5 of 7

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or <u>punitive money damages</u>.

I requesting be compensated for the 35% impairment of lower extremity and Punitive damages.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: Jan 8, 2024

Signature of Plaintiff    Darla Moore

Printed Name of Plaintiff    Darla Moore

**B.**     **For Attorneys**

Date of signing: _____

Signature of Attorney

Printed Name of Attorney     _____

Bar Number     _____

Name of Law Firm     _____

Street Address     _____

State and Zip Code     _____

Telephone Number     _____

E-mail Address     _____

January 8, 2024

I Darlo Moore am writing about that I was terminated on October 31, 2022. I had my first ACL and meniscus reconstruction surgery on July of 2021, than I had a second on the job

injury of April of 2022 same Rt Knee ACL and meniscus. I must have a third surgery in the near future, before Phoenix terminated me while I was scheduled to take an Functional Capacity Evaluation Test (FCE). My results

Was based on Dr Layton evaluation of 16% to the leg or 7% to the body as a whole my FCE test says 35% impairment of the lower extremity and a 14% impairment of the whole person. I have given you some copies of other injuries while

employee @ Phoenix all while working under American with Disability Act 1990, Huntsville Rehabilitation Foundation dba Phoenix. Im solely writing to you about number 18

the late statement made on the Memorandum Agreement, I only have 60 days to find someone to review by a court of competent jurisdiction I now have less than 34 days left on February 14, 2024, or this case will be irrevocable Sincerely

Geoffrey a Jolly
Exp. 3/27/27

STATE OF ALABAMA
Worker's Compensation Division
Department of Labor
Montgomery, Alabama 36131

MEMORANDUM AGREEMENT

Pursuant to Section 25-5-292
Alabama Workers' Compensation Law

Darla Moore, Employee

Social Security No:    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

Huntsville Rehabilitation Foundation, Employer

Dates of Injury: July 7, 2021 and April 1, 2022

Madison County, Alabama

Pursuant to Section 25-5-290(e) of the Alabama Workers' Compensation Law, a benefit review conference has been held by agreement between the above parties with Ombudsman Gerald Stringer sitting as a Mediator.

The parties have reached the following agreement and settlement.

1.      The employee and employer agree that they are subject to the provisions of the Alabama Workers' Compensation Act.

2.      The employee represents to the Ombudsman that she is over nineteen years of age, resides in Huntsville, Alabama and can read and understand the English language.

3.      The employee and employer admit the relationship of employee and employee existed on or about July 7, 2021 and April 1, 2022.

4.      The parties agree that on or about July 7, 2021 and April 1, 2022, the employee suffered an accident arising out of and in the course of employee's employment which resulted in an injury to her right knee.

5.      The parties agree that the Employee's average weekly earnings at the time of the July 7, 2021 accident were $747.66.   The parties agree that the Employee's average weekly earning at the time of the April 1, 2022 accident were $624.27

6.      Alabama Self-Insured Worker's Compensation Fund, employer's workers' compensation provider, has paid $10,045.24 in temporary total disability benefits for the alleged injury of July 7, 2021. Alabama Self-Insured Worker's Compensation Fund, employer's workers' compensation provider, has paid $9,988.80 in temporary total disability benefits for the alleged injury of April 1, 2022.

7.      Alabama Self-Insured Worker's Compensation Fund has paid $21,659.98 in medical

benefits to date for the July 7. 2021 alleged injury.   Alabama Self-Insured Worker's Compensation Fund has paid $17,926.44 in medical benefits to date for the April 1. 2022 alleged injury.

8.    Employee acknowledges that all authorized medical benefits have been paid.

9.    Employee has been treated by Dr. Troy Layton and Dr. Thomas Powell.   Dr. Layton assigned the employee a medical impairment rating of 16% to the leg or 7% to the body as a whole.   Dr. Powell has not assigned a permanent partial disability rating.   The employee was placed at maximum medical improvement on January 13. 2022.   *The settlement was based on number nine (9).*

10.    Employee was released to return to work but is no longer employed by Employer.

11.    The issue to be determined by the parties is the extent of the alleged disability.   The parties have agreed to resolve this issue by compromise.   The parties have agreed to a lump sum settlement under the terms of which Alabama Self-Insured Worker's Compensation Fund, on behalf of the employer. will pay the employee the total lump sum amount of $75,000.00 to settle any and all claims under the Alabama Worker's Compensation Act.

12.    According to the terms of this settlement. once this total settlement amount is paid to the employee, the employer and its workers' compensation provider. Alabama Self-Insured Worker's Compensation Fund. and its third party administrator, Employer's Claim Management. Inc., will be forever released and discharged from any and all liability for temporary total disability benefits. temporary partial disability benefits. permanent partial disability benefits and permanent total disability benefits: all vocational benefits (including any and all claims pursuant to Ala. Code §25-5-57(a)(3)i). vocational rehabilitation benefits, and all future medical benefits.

13.    The employee represents to the Ombudsman that she is not currently a Medicare recipient. The employee represents to the Ombudsman that she is currently 58 years old. has not applied for Social Security Disability benefits, and therefore is not reasonably expected to receive Medicare benefits within the next thirty months.   The employee acknowledges that she will be solely responsible for the payment of any future medical which may be necessary for this injury from the settlement proceeds herein.

14.    The Ombudsman has conducted this benefit review conference on the 14th day of December, 2023 via telephone.   The employee was present via telephone at the benefit review conference.    The Ombudsman has questioned the employee and has been told by the employee that the employee understands the terms of this settlement and has entered into this settlement willingly.

15.    The Ombudsman has informed the employee of employee's right to litigate rather than accept this settlement.   The employee has indicated to the Ombudsman that the employee prefers to accept this amount in full settlement of employee's claim.

16.    Said lump sum of $75,000.00 represents and is in lieu of $55.47 per week for 1352 weeks. (The Alabama mortality tables. male, predicts plaintiff will have 26 years to live. plaintiff being 58 years of age, fifty-two weeks per year at 26 years equals 1352 weeks.)

17.    It is hereby agreed that an attorney's fee. as allowed by the Alabama Worker's Compensation Act. and as agreed upon by the plaintiff and his attorney. of fifteen percent (15%) of the

$75,000.00 be paid to Chris Weston. attorney for said plaintiff. plus reasonable expenses.

18.      Employee acknowledges he has the right to have the settlement of his claim reviewed by a court of competent jurisdiction at any time within sixty (60) days after the date of the settlement and at the end of the sixty (60) days the settlement shall be final and irrevocable.

Dated the 14ᵗʰ day of December. 2023.

_____
Employee

_____
Attorney for Employee

_____
Attorney for Employer

_____
Ombudsman

9 of 20

Darla Moore, Employee

Huntsville Rehabilitation Foundation, Employer

Madison County, Alabama

Social Security No:    XXX-XX-7774

Dates of Injury: July 7, 2021 and April 1, 2022

## SATISFACTION

Attorney for plaintiff acknowledges employer has paid a settlement amount of $75,000.00. Check Number _____ drawn on BancorpSouth on the _____ day of December, 2023.

_____
Chris Weston,
Attorney for Employee

*10 of 20*

# JOHNSTON, MOORE & WESTON

ATTORNEYS AT LAW
400 MERIDIAN STREET, SUITE 301
HUNTSVILLE, ALABAMA 35801

William H. Johnston, Jr
George Allen Moore
Christopher W. Weston
Allison K. Moody
Bennett R. Driggers, Sr

TELEPHONE (256) 533-5770
FAX (256) 533-5890
christopher@jmmtlawfirm.com
amoody@jmmtlawfirm.com
bennett@jmmtlawfirm.com

December 11, 2023

Ms. Darla Moore
2218 Gala Drive
Huntsville Alabama 35810

Re:  Darla Moore v. Phoenix

## SETTLEMENT STATEMENT

| | |
|---|---|
| AMOUNT DISBURSED for Settlement | $75,000.00 |
| LESS ATTORNEY FEE (15%) | ($11,250.00) |
| LESS EXPENSES REIMBURSEMENT Due Johnston, Moore & Weston *(See Attached Itemization)* | ($21.00) |
| **NET DISBURSED TO CLIENT** | **$63,729.00** |

The above Settlement Statement has been reviewed and is hereby approved by the undersigned.  The undersigned authorizes the disbursements reflected in this Settlement Statement.

The undersigned understands that there is a potential claim by any insurance carrier, agency or other entity that has paid health or other benefits to or on behalf of the undersigned relative to the incident.  Client agrees to personally be responsible for payment of any subrogation claimed by any entity, and she releases George A. Moore, Christopher W. Weston, Allison K. Moody, and the firm of Johnston, Moore & Weston from any and all liability for payment of any other subrogation claims or liens.  (At the time of this settlement, there are no subrogation claims or liens known to the attorneys or the clients, and none are expected.)

The undersigned is further aware that the Johnston, Moore, and Weston law firm has not paid any other related bills incurred by or on behalf of the undersigned in connection with the workers' compensation claim, which is the subject of this litigation, and she releases said law firm from any liability for payment of any such bills or liens resulting therefrom and agree to hold said law firm harmless from any such payment.

1

The undersigned further acknowledges that she is satisfied with the services rendered by her attorney in this matter, and acknowledges that the attorney's fees and litigation expenses are reasonable for the services rendered. The undersigned acknowledges that she has approved and authorized the settlement of this action based on the terms set forth in the settlement documents, and in this settlement statement.  She further understands that, by entering into this compromise settlement, she waives her right to a trial in a court of law, and realizes that had such a trial been held, a judge could have returned a judgment for more, or less, than the amount agreed upon by this compromise settlement.

Dated this the _____ day of December, 2023.

APPROVED:

DARLA MOORE

2

*12 of 20* (handwritten)

PHOEN X

**(Notice of Options)**
*Confidential*

Date:    October 6, 2022

TO:    Ms. Darla Moore
       2218 Gala Drive
       Huntsville, AL 35810-1558

FROM:    Human Resources

RE:    Notice of Options

The purpose of this letter is to notify you of your options pertaining to your employment.

There have been multiple conversations with you regarding your ability to perform your job safely. Many prior visits to doctor appointments have resulted in release to full duty with no restrictions. The latest visit to Dr. Layton was on September 26, 2022, and the return-to-work slip stated you could return to work with no restrictions on September 26, 2022.

Based on your statements when asked if you could safely perform your job duties, tasks, and responsibilities you have stated *"I cannot perform my job safely"* and *"at any given time, my right leg is weak and is subject to giving away with me"*. Additionally, you mailed a written document dated September 5, 2022, where you are quoted, *"It been a year later and I'm still very unbalanced and unstable when walking meaning my right leg is still weak and I'm tripping on my own two feet when walking (like I'm stumbling daily while I'm walking) and I'm still wearing a brace for safety and support."*

*is not a statement* (handwritten margin note)

Considering that you have stated that you cannot safely perform the essential functions of your job, Phoenix cannot allow you to continue in your current capacity as it is contrary to numerous Phoenix safety and risk management policies and practices. Since you have been approved to return to full duty, your absences are thus unapproved, unpaid, and unofficial.

Therefore, your options are as follows: *my away due to workmans comp + Phoenix sending me home an* (handwritten)

Option A – Provide a formal written request for an unpaid leave of absence, *administrat Leave.* (handwritten)

> Details- You must provide a written request no later than October 14, 2022. The leave of absence request shall include the reason for the request and a return date that shall be no longer than 1 year from the last day worked. If you currently have medical benefits your benefits will end on the last day of October and will be offered COBRA. The Benefits Specialist can give further details to benefit-related questions. Per Phoenix policy there is no guarantee of reemployment at the conclusion of a Leave of Absence and a fit for duty evaluation may be required.

Option B – Voluntarily resign

> Details- You may voluntarily resign and thus may apply for future advertised positions. If you currently have medical benefits your benefits will end on the last day of October and



*13 of 20*

**Alabama Self-Insured**
**Worker's Compensation Fund**
Sponsored by Business Council of Alabama

Serviced by:
Employer's Claim Management, Inc.
P.O. Box 5616, Montgomery, AL 36103-5616
(334)277-9395 (800)392-1551 FAX (334)240-2981

November 18, 2020

Darla Moore
2218 Gala Dr
Huntsville, AL 35810

RE:    Employer              :    Huntsville Rehabilitation Foundation Inc
       Date of Injury        :    01/21/2020
       Our File Number       :    220-000544962

Dear Ms. Moore:

Please be advised that Dr. Carter has placed you at Maximum Medical Improvement with regard to your on the job injury and has assigned you a 5% permanent partial impairment rating to the whole person. Based on your average weekly wage, we have computed the 5% to equal to $6,231.54. *5% percent is not divided by 0.4*

At this time, we extend our offer to resolve the compensation aspect of this claim in the amount of $6,231.54 with medical benefits to remain available in accordance with the Alabama Workers' Compensation Act.

After you have had an opportunity to review this information, please let me know how you wish to proceed. If you should have any questions or need additional information, please feel free to contact our office.

Sincerely,

*Kathleen Stockman*

Kathleen Stockman
Claims Examiner

/Ross Justice - Huntsville Rehabilitation

*14 of 20*



# PHOENIX

Date: November 12, 2020

To: Darla Moore, #001698

From: Billy Counts, Assistant Vice President – Government Services

Re: Return to Work With Accommodations

The mission of Phoenix is to assist people, primarily those with disabilities, improve the quality of their life by providing meaningful employment with competitive wages. One of our core Values at Phoenix is Safety and our pledge to our employees is to provide a safe and healthy work environment where employees can thrive personally and contribute to the overall success of our projects for the benefit of all people we serve. Often times this means making accommodations for disabilities or injuries, based on recommendations and assessments of medical professionals, which meet the best interests of the employee and the company.

Phoenix was recently notified that on 10/23/2020 you were cleared to return to work and perform custodian duties with the following restrictions:

- Floor to waist lift, 25lbs maximum, 20lbs occasional.
- Waist to shoulder lift, 25lbs maximum, 20lbs occasional.
- Shoulder to overhead lift, 25lbs maximum, 20lbs occasional
- Box carry, 30 feet: 25lbs maximum, 20lbs occasional.
- Push-pull forces: 25lbs occasional.
- Sitting: Constant.
- Walking: Constant.
- Forward reach: Frequent.
- Bending: Frequent.
- Squatting: Frequent.
- Overhead reach: Frequent.
- Kneeling: Occasional.
- Stair climbing: Occasional

*This is Phoenix Way of taking me off of 5% Permanent Partial impairment rating back to full duty*

As a result of this assessment, you are expected to return to limited duties in *after* accordance with the accompanying Job Analysis with the amended restrictions. *turning from the doctor appointment*

Your supervisors and project management team will ensure that your duties do not exceed the restrictions listed on the job analysis. If at any time you feel that you cannot perform a task or that a task will exceed your physical capabilities it is your responsibility to inform your supervisor. At no time will you be required to

15 of 20

# Keith C. Anderson, D.O., FAAPMR

Physical Medicine and Rehabilitation                    Electrodiagnostic Medicine

201 Governors Drive, 1st Floor
Huntsville, Alabama 35801

Office (256) 533-8091                                    Billing (256) 539-4545

November 17, 2022

***Addendum Report***

Dr. Troy Layton
4715 Whitesburg Dr.
Huntsville, AL 35802

Re: Darla Moore
DOB: 01/25/65

Dear Dr. Layton,
Thank you for referring Darla Moore to Spine & Neuro Physical Therapy for a Functional Capacity Evaluation and Impairment rating. As you know, she is a 57-year-old, left-handed, black female who presents with right knee pain.

History of Chief Complaint: This patient states she was at work in July 2021 vacuuming. She caught her foot on a dry floor and twisted her right knee. She states she developed pain immediately. She tells me she was seen by OHG physicians and MRI revealed a torn meniscus and ACL tear.

She was referred to Dr. Troy Layton. She had surgery on 08/25/21 including right knee arthroscopy, loose body removal, ACL reconstruction using allograft, and partial medial and partial lateral meniscectomy. Postoperatively she was started in physical therapy. She tells me she has continued pain, numbness, and tingling. She apparently was released to go back to work. She states she had restrictions at one point in time and then regular duty. She tells me she was let go by her employer. She had multiple follow-ups after her surgery with Dr. Layton. She was placed at MMI and given an impairment rating on 01/13/22.

She states now she has right knee pain. There is a numb feeling from her toes all the way up to her knee. It feels like her muscle is weak at times and she does not have good control of her leg. She has had multiple falls. She is rarely pain-free. She states moving her leg makes it worse and the heating pad makes it better. On a 0 to 10 pain scale with 0 no pain and 10 being the worst pain she has ever had in her life her pain averages a 6. She tells me she had a hip fracture when she was 11 years of age that was compounded and treated with surgical intervention by Dr. Mitchell. She states she completely healed up from that injury.

Continued...                                                    1 of 3

*16 of 20*

November 17, 2022                                      *Addendum (11/23/22)*
RE: Darla Moore
DOB: 01/25/65

According to the *Guides to the Evaluation of Permanent Impairment, 4th Edition* published by the AMA, before a judgment regarding impairment is made, it must be shown that the problem has been present for a period of time, is stable, and is unlikely to change in future months in spite of treatment. I feel this patient has reached the stage of MMI of the patient's injury. It is my opinion that further medical or surgical intervention is unlikely to effect an appreciable change in this patient's condition. I will now address the impairment rating using the *Guides to the Evaluation of Permanent Impairment, 4th Edition*, published by the AMA. We turn to page 85. Table 64 of the *Guides*. Impairment Estimates for Certain Lower Extremity Impairments. She had a medial and lateral meniscectomy that was partial. This translates to a 4% impairment of the whole person.

She also had an anterior cruciate ligament tear which translates to a 10% impairment of the whole person. We then go to the Combined Values Chart and 10% and 4% combine for a 14% impairment of the whole person. **Therefore, this patient has a 14% impairment of the whole person regarding her work-related injury.**

I will now address the work restrictions. Review of the patient's physical examination, previous medical records, and ARCON testing reveal the patient gave reliable effort.

## WORK RESTRICTIONS*:
1. Lifting:  Low lift (floor to knuckle) 80 pounds occasional, 40 pounds frequent. Mid lift (knuckle to shoulder) 20 pounds occasional, 15 pounds frequent. High lift (shoulder and above) 40 pounds occasional, 20 pounds frequent. Full lift (floor to shoulder) 40 pounds occasional, 20 pounds frequent.
2. Carrying: 70 pounds occasional, 35 pounds frequent.
3. Pushing: 20 pounds occasional, 10 pounds frequent.
4. Pulling: 50 pounds occasional, 25 pounds frequent.
5. Walking Activity: Frequent.
6. Stair Climbing: Occasional.
7. Balancing: Occasional.
8. Stooping: Constant.
9. Kneeling: Frequent.
10. Crouching: Constant.
11. Reaching (Immediate): Left: Constant. Right: Constant.
12. Reaching (Overhead):  Left: Constant. Right: Constant.
13. Handling:  Left: Constant. Right: Constant.
14. Finger dexterity:  Left: Constant. Right: Constant.

*Refer to page 3 of Occupational Titles.

Continued...                                                          2 of 3

*17 of 20*

November 17, 2022

*Addendum (11/23/22)*

RE: Darla Moore
DOB: 01/25/65

This evaluation was performed based on the patient's history, review of the chart, physical examination, and ARCON testing. The impairment rating was performed in accordance with the AMA *Guides to the Evaluation of Permanent Impairment, 4th Edition.*

Should you have any questions, please feel free to give me a call. Thank you for this referral.

Sincerely,

Keith C. Anderson, D.O., C.I.M.E.
KCA/wsb

Enclosure

**ADDENDUM**
Regarding this patient's Impairment rating, I have been asked to convert it to a lower extremity impairment. We take 14% and divide by 0.4 and this comes out to a 35% impairment of the lower extremity. Therefore, this patient has a 35% impairment of the lower extremity and a 14% impairment of the whole person according to the *Guides to the Evaluation of Permanent Impairment, 4th Edition* published by the AMA.

3 of 3



# PHOENIX

Date:  November 12, 2020

To:  Darla Moore, #001698

From:  Billy Counts,  Assistant Vice President – Government Services

Re:  Return to Work With Accommodations

The mission of Phoenix is to assist people, primarily those with disabilities, improve the quality of their life by providing meaningful employment with competitive wages.  One of our core Values at Phoenix is Safety and our pledge to our employees is to provide a safe and healthy work environment where employees can thrive personally and contribute to the overall success of our projects for the benefit of all people we serve.  Often times this means making accommodations for disabilities or injuries, based on recommendations and assessments of medical professionals, which meet the best interests of the employee and the company.

Phoenix was recently notified that on 10/23/2020 you were cleared to return to work and perform custodian duties with the following restrictions:

- Floor to waist lift, 25lbs maximum, 20lbs occasional.
- Waist to shoulder lift, 25lbs maximum, 20lbs occasional.
- Shoulder to overhead lift, 25lbs maximum, 20lbs occasional
- Box carry, 30 feet: 25lbs maximum, 20lbs occasional.
- Push-pull forces: 25lbs occasional.
- Sitting: Constant.
- Walking: Constant.
- Forward reach: Frequent.
- Bending: Frequent.
- Squatting: Frequent.
- Overhead reach: Frequent.
- Kneeling: Occasional.
- Stair climbing: Occasional

As a result of this assessment, you are expected to return to limited duties in accordance with the accompanying Job Analysis with the amended restrictions.

Your supervisors and project management team will ensure that your duties do not exceed the restrictions listed on the job analysis.  If at any time you feel that you cannot perform a task or that a task will exceed your physical capabilities it is your responsibility to inform your supervisor.  At no time will you be required to

19 of 2Q



# PHOENIX

perform any task that you feel is in violation of these restrictions or that exceed your physical capabilities.

If you feel that these amended job requirements are still too strenuous or are otherwise unable to perform due to your physical abilities you are encouraged to readdress through the Workman's Compensation office and request reevaluation and reconsideration.  As the employer, we are bound to the recommendations from medical personnel and are not at liberty to disregard or otherwise contradict their advice.

You will acknowledge receipt of this memorandum and the accompanying Job Analysis with amended accommodations.  Your signature does not indicate concurrence or that you agree with the evaluation or recommendation.  It merely acknowledges that you received this information and understand your responsibilities.

## Billy Counts

Digitally signed by Billy Counts
DN: cn=Billy Counts, o=Government
Services, ou=Assistant Vice President,
email=bcounts@phoenixhsv.org,
c=US
Date: 2020.11.12 07:39:48 -06'00'

Billy Counts
Assistant Vice President – Government Services

Employee Name: _____

Employee Signature: _____

Date: _____



# PHOEN X

perform any task that you feel is in violation of these restrictions or that exceed your physical capabilities.

If you feel that these amended job requirements are still too strenuous or are otherwise unable to perform due to your physical abilities you are encouraged to readdress through the Workman's Compensation office and request reevaluation and reconsideration. As the employer, we are bound to the recommendations from medical personnel and are not at liberty to disregard or otherwise contradict their advice.

You will acknowledge receipt of this memorandum and the accompanying Job Analysis with amended accommodations. Your signature does not indicate concurrence or that you agree with the evaluation or recommendation. It merely acknowledges that you received this information and understand your responsibilities.

**Billy Counts**

Digitally signed by Billy Counts
DN: cn=Billy Counts, o=Government Services, ou=Assistant Vice President, email=bcounts@phoenixhsv.org, c=US
Date: 2020.11.12 07:39:48 -06'00'

Billy Counts
Assistant Vice President – Government Services

Employee Name: _____

Employee Signature: _____

Date: _____